UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Hitter, # 71198, | ) | C/A No. 2:02-1057-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| John R. Pate, Acting Warden at Allendale Correctional Institution; and Charles Condon, South Carolina Attorney General, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Michael Hitter is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at the Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254.

## Procedural History

Petitioner was indicted by the Court of General Sessions of Beaufort County for murder.[1] He was convicted as charged and sentenced to confinement for life by the Honorable E. Harry Agnew. Petitioner did not appeal the conviction or sentence.

On November 8, 1976, petitioner filed an application for post-conviction relief ("PCR"). An evidentiary hearing was held on January 12, 1977, after which the Honorable Klyde Robinson dismissed the PCR. Petitioner appealed the PCR dismissal and the appeal was denied by the South Carolina Supreme Court on November 14, 1979.

---

[1] On or about December 3, 1973, petitioner and his co-defendant, Anthony Council, broke into the home of Wilbur Arnold. When Arnold returned to the home, petitioner and Council held him at gunpoint, severely beat him, and poured a bottle of insecticide down his throat. Arnold was wrapped in a sheet, his arms and feet bound and then he was strangled. Petitioner and Council placed Arnold's body in a closet where he was found three (3) days later. Defendants took about $400 in cash, a quantity of silver coins, a radio, a shotgun, and an automobile from Arnold's residence. *See* Exhibit 28, p.2.

1

On June 29, 1983, petitioner was paroled from prison. In August of 1987, petitioner was convicted of failing to stop on command and resisting arrest. On or about October 1, 1987, petitioner was convicted of operation of an uninsured vehicle, failure to have a driver's license, and failure to transfer ownership.[2] On November 17, 1988, petitioner was charged with three (3) counts of leaving the scene of an accident, driving under the influence, driving under suspension, resisting arrest, and possessing an unlawful weapon. On December 15, 1988, petitioner appeared without counsel before Municipal Court Judge Henry L. Deneen in the City Court of West Columbia, South Carolina. Petitioner proceeded to trial and was found guilty as charged. Judge Deneen sentenced petitioner to an aggregate 210 day term of imprisonment.

On March 30, 1989, the South Carolina Department of Probation, Parole, and Pardon Services issued a warrant for petitioner's arrest for violation of parole for his murder conviction. The basis of the warrant was the above seven (7) 1988 convictions as well as three (3) convictions on October 1, 1987 (for operating an uninsured vehicle, no driver's license, and failure to transfer ownership), and two (2) convictions on August 19, 1987 (failing to stop on command and resisting arrest).

Petitioner filed a PCR application on February 21, 1989, challenging the December 15, 1988, uncounseled convictions by Municipal Judge Deneen. An evidentiary hearing was held on January 9, 1990, at which petitioner was present and represented by Pat McWhirter, Esquire. By Order filed January 12, 1990, Judge Walter Bristow vacated petitioner's seven (7) December 15, 1988 convictions and remanded the matter for a new trial on the basis that petitioner had been denied counsel at trial.

Respondents contend that on September 6, 1990, West Columbia reopened the case and petitioner pled guilty to resisting arrest, driving under suspension, and three (3) counts of leaving the

---

[2] At the evidentiary hearing before Judge Carr, the parties stipulated to these three convictions.

scene of an accident, and the remaining driving under the influence and carrying a concealed weapon charges were *nol prossed*. Petitioner contends he never appeared and never pled guilty to these charges and was uncounseled.

On September 14, 2000, petitioner filed another PCR application, challenging how his 1990 convictions were recorded in his records at SCDC. A hearing on this application was held, during which petitioner was represented by Patrick J. Frawley, Esquire. On December 5, 2001, the Honorable Thomas Cooper, Jr., denied the petitioner's application finding that the allegations in the application should be raised within SCDC. Petitioner appealed the denial of his September 14, 2000, PCR application to the South Carolina Supreme Court. On March 29, 2002, Robert M. Pachak, Esquire, Assistant Appellate Defender, filed a *Johnson* petition for writ of certiorari and a petition to be relieved as counsel. That petition raised one question: "Whether there was any evidence of probative value to support the PCR judge's finding that the Department of Corrections records properly shows that Petitioner's weapon offense was remanded with no disposition?" By Order dated May 15, 2002, the South Carolina Supreme Court denied the petition for writ of certiorari and issued a remittitur dismissing the appeal was filed on May 31, 2002.

Petitioner filed another PCR application on February 4, 2002, which raised the following ground: "The Department of Corrections has changed and altered my commitment several times from the date of conviction, denying me advancement and custody and rehabilitation." A hearing was held at which plaintiff was represented by Connie Breeden, Esquire. At the hearing, petitioner for the first time claimed that no hearing was held in September of 1990. On January 27, 2003, the Honorable Marc H. Westbrook denied petitioner's application as successive. Petitioner filed a timely notice of intent to appeal the denial of that application to the South Carolina Supreme Court. On June 12, 2003,

petitioner filed a *Johnson* petition for writ of certiorari and petition to be relieved as counsel. That petition raised one ground for relief: "The PCR court erred in denying Petitioner's application as successive instead of remanding the case for a hearing per Al-Shabazz." The South Carolina Supreme Court denied the petition for writ of certiorari and granted the petition to be relieved as counsel on August 11, 2003. A remittitur dismissing the appeal was filed on August 22, 2003.

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 15, 2002. Ann Walsh, Esquire, of the Federal Public Defender's Office was appointed to represent the petitioner in January of 2004 pursuant to 28 U.S.C. § 2254(h). Discovery has been completed. An evidentiary hearing was held before the Magistrate Judge on April 14, 2005.[3] The focus of that hearing was petitioner's claim that he did not appear and did not plead guilty to the 1990 convictions, and that there is no evidence he was represented by counsel. Petitioner asserts that SCDC records reflecting convictions in that court on that date are wrong and that the Department of Parole and Pardon Services has improperly used some or all of those convictions as a reason to cause the revocation of petitioner's

---

[3] In his opposition to the motion for summary judgment, petitioner made a motion for an evidentiary hearing pursuant to 28 U.S.C. § 2254(f). That provision provides:
> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

Rule 8(b) of the Rules Governing Section 2254 Cases in United States District Courts provides the format for an evidentiary hearing that is referred to a Magistrate Judge:
> A judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties. Within 10 days after being served, a party may file objections as provided by local court rule. The judge must determine *de novo* any proposed finding or recommendation to which objection in made. The judge may accept, reject, or modify any proposed finding or recommendation.

parole in 1989 and to now deny petitioner parole.

Currently before the Court is respondents' motion for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation ("the Report") of United States Magistrate Judge Robert S. Carr, filed August 16, 2005. This Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On September 1, 2005, petitioner filed objections to the Magistrate Judge's Report.

## **Objections**

Petitioner objects to the Magistrate Judge's list of materials which have been made part of the record. He asserts that the exhibits attached to his Opposition to Motion for Summary Judgment were accepted into evidence at the evidentiary hearing before the Magistrate Judge and, therefore, should be part of the record here. He further asks that the transcript of the April 14, 2005, hearing before Magistrate Judge Carr be made part of the record.

This Court acknowledges that the documents petitioner has supplied in response to the motion for summary judgment are part of the record in this case. The Court has reviewed both those documents and the transcript of the evidentiary hearing in addressing petitioner's objections to the Report.

The petitioner makes several objections to the Magistrate Judge's Findings of Fact in the Report.

The crux of the objections to the Magistrate Judge's Findings of Fact are that he improperly determined that the petitioner was transferred to the West Columbia Municipal Court on September 6, 1990. Petitioner further argues that no trial took place, he did not plead guilty to the offenses at issue, and was not sentenced on that date and that there is no evidence he was represented by counsel.

The petitioner also objects to the Magistrate Judge's Conclusions of Law. He asserts that the Magistrate Judge has improperly stated the burden of proof at this stage of the proceedings. Petitioner argues that the Magistrate Judge has improperly weighed the facts and that there are genuine issues of material fact that prevent the granting of summary judgment. Finally, petitioner asserts that he has met the requisite elements of 28 U.S.C. § 2254.

**Discussion**

As an initial matter, this Court finds that the Magistrate Judge erred in his Report by discussing whether summary judgment should be granted, rather than whether petitioner's petition for habeas relief should be granted. Under 28 U.S.C. § 2254(f), when an evidentiary hearing is required, "the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual finding." Consequently, the Court believes that, because § 2254(f) requires a weighing of evidence, it has before it a motion for judgment rather than a motion for summary judgment and will treat it as such.

In the Report, Judge Carr states: "The respondents do not take the position that the petitioner failed to exhaust his claims here as required by 28 U.S.C. § 2254(b), or that he is barred from raising his claims as a result of procedural default. See, e.g., Harris v. Reed, 489 U.S. 255 (1989). Therefore, the federal court is not barred from reaching the merits of petitioner's claims." (Report p. 6.) Respondents make no objections to this statement by the Magistrate Judge.

This Court finds that petitioner's application is without merit because there is no way his 1990 convictions were the sole reason, or even a reason, for the revocation of his parole in 1989. In addition to the 1988 charges, petitioner's October 1987 convictions, which are listed as a reason for parole revocation, is undisputed. This charge alone would have been sufficient for the Department of Probation, Parole, and Pardon Services to revoke the petitioner's parole. Additionally, this Court notes that Judge Bristow determined in 1990, when he granted petitioner's PCR application, that his 1988 convictions were improper. It was at this point that petitioner should have challenged the parole board's reliance on those charges in revoking his parole. Even if this Court were to find that no proceeding took place in 1990 with regard to petitioner's 1988 charges or that he was unrepresented by counsel, the 1990 convictions were unknown to the Parole Board when they revoked petitioner's parole in 1988.

For an inmate serving a prison sentence, parole is a privilege, not a right. *Sullivan v. South Carolina Department of Corrections*, 586 S.E.2d 124, 127 (S.C. 2003). Consequently, petitioner has no "right" to parole. Additionally, the reasons cited by the Department of Probation, Parole and Pardon Services for denying him parole once he was returned to SCDC custody can all be found to arise out of the petitioner's murder conviction for which he received and is serving a life sentence. While petitioner argues that the murder occurred by strangulation and, therefore, there was no weapon involved to support "[u]se of a deadly weapon in this or previous offense" the facts surrounding the murder indicate that the petitioner held the victim at gunpoint, took a shotgun from the victim's residence, and that a sawed off shotgun was found in the possession of petitioner and his co-defendant

7

when they were arrested. (Exhibit 28,[4] p. 2.)

Addressing the petition on its merits, this Court finds that the petitioner is not entitled to relief. This habeas petition is based on petitioner's assertion that the State of South Carolina has failed "to produce genuine documents" establishing that his charges were properly remanded and disposed of. Petitioner argues that the West Columbia charges were improperly used to revoke his parole and are now being used to prevent him from being paroled.

Petitioner claims that there is no evidence indicating that he attended or had counsel at a September 6, 1990 guilty plea wherein he was sentenced to time served on resisting arrest, driving under suspension, and three (3) counts of leaving the scene of an accident and the charges for driving under the influence and carrying a concealed weapon were *nol prossed*.

Petitioner alleges that the following facts are undisputed and create a genuine issue of material fact sufficient to proceed to trial:

1. SCDC records do not reflect that petitioner left Goodman Correctional Institution on September 6, 1990;

2. The City of West Columbia Clerk or Court sent notices to two attorneys, neither of whom acknowledge being in court with or without Mr. Hitter on September 6, 1990;

3. Petitioner asserts that he was never sent notice of any court proceeding;

4. There is no record that petitioner was appointed counsel with regard to the charges at issue;

5. There is no record that shows counsel appeared at a hearing on September 6, 1990, for Mr. Hitter;

---

[4] This document also shows that the Arresting Officers, Chief of Police, Sheriff, Fourteenth Circuit Solicitor, and victim's family all oppose granting petitioner parole.

8

6. There is no record that shows Mr. Hitter waived counsel or waived his appearance at any proceeding before the City of West Columbia;

7. Judge Deneen sent notice of discharge of the seven (7) tickets to the local jail, but petitioner was never in custody at the local jail;

8. The discharge indicates that the DUI and carrying a concealed weapon charges were *nol prossed*;

9. Judge Deneen signed an order reopening the case on September 12, 1990, after the September 6, 1990, set of convictions had taken place;

10. The City of West Columbia Clerk's records do not reflect what was entered on Judge Deneen's discharge, but instead show that petitioner was convicted of all charges; and

11. Since 1990, the South Carolina Parole Board and SCDC's records have shown that Mr. Hitter was convicted of a misdemeanor charge of carrying a deadly weapon, which was *nol prossed* on September 12, 1990, by Judge Deneen.

Judge Carr "has had the opportunity to review the record in its entirety, hear[ ]testimony from the petitioner, and hear[ ] the arguments of counsel" and determined that "Petitioner's testimony that the new trial ordered by Judge Bristow did not occur is incredible based upon the evidence of record." (Report p. 7, 10.) This Court has conducted a *de novo* review of the record, as well as the findings of fact and conclusions of law, and agrees with the findings of Judge Carr, even after a review of the petitioner's objections. Judge Bristow issued his Order granting the petitioner a new trial on January 10, 1990, on the basis that petitioner was not represented by counsel or informed that he had the right to be represented by counsel at his 1988 hearing before Judge Deneen. After that date petitioner filed two (2) PCR applications relating to those same charges and only in the second of those proceedings

did the petitioner take the position that another hearing in front of Judge Deneen never occurred. In his first PCR application, dated September 14, 2000, petitioner asserted that SCDC failed to properly note in his institutional record the disposition of the West Columbia charges that took place on September 6, 1990, and that he was denied effective assistance of counsel with regard to that hearing. Patrick Frawley, Esquire, represented petitioner in the PCR hearing held before Judge Thomas Cooper on August 28, 2001. At that hearing, Frawley stated:

> YOUR HONOR, MR. HITTER WAS CONVICTED OF SEVEN MUNICIPAL-LEVEL OFFENSES DECEMBER 15TH, 1998. HE P.C.R.'D THAT. JUDGE WALTER BRISTOW GRANTED HIS P.C.R. ON JANUARY 12TH OF 1990. NOW, **MR. HITTER WAS TAKEN BACK TO WEST COLUMBIA**. HE'S NOT SURE OF THE DATE. THERE ARE WEST COLUMBIA RECORDS THAT WE HAVE SUBPOENAED AND REVIEWED INDICATING SOME TIME IN OR AROUND SEPTEMBER OF 1990 THERE IS A DISCHARGE SIGNED BY HENRY DENEEN WHO WAS THEN THE WEST COLUMBIA JUDGE INDICATING TWO CHARGES WERE NOL PROSSED AND FIVE WERE – HE JUST INDICATES ON THERE, "TIME SERVED."
> NOW, WHEN, WHEN MR. HITTER WAS THERE IN 1990, ACCORDING TO THE WEST COLUMBIA RECORDS, THERE WAS AN ATTORNEY – A FELLOW NAMED RUSTY APPLEGATE WAS APPOINTED TO REPRESENT HIM AT THAT POINT. MR. HITTER'S CONTENTION IS THAT WHEN HE WAS THERE IN 1990, WHETHER IT WAS SEPTEMBER OF WHENEVER HE WAS THERE THAT YEAR, HIS UNDERSTANDING WAS THAT HE PLED GUILTY TO TWO CHARGES. ONE WAS FAILURE TO TIMELY TRANSFER A TITLE TO A VEHICLE WHICH HAD NOTHING TO DO WITH THE ORIGINAL SEVEN OFFENSE AND DRIVING UNDER SUSPENSION.
>
> *****
>
> HIS RECOLLECTION IS FOR PLEADING GUILTY TO THOSE TWO CHARGES, THE REMAINING CHARGES WOULD BE DISMISSED AFTER THAT DAY AT WHICH TIME MR. APPLEGATE WAS NOT PRESENT WITH HIM TO ADVISE HIM. THERE'S NO INDICATION IN THE WEST COLUMBIA RECORD THAT HE WAIVED ANY RIGHT TO COUNSEL. THERE'S NO INDICATION THAT HE SIGNED ANY GUILTY PLEAS. THERE'S NO INDICATION THAT MR. APPLEGATE MADE AN APPEARANCE OR SIGNED ANY GUILTY PLEAS ON HIS BEHALF THAT DAY.

(Exhibit 30, p. 29-30 (emphasis added).)  Judge Cooper concluded in his order that the crux of petitioner's application was that SCDC failed to properly note the disposition of his charges in September 6, 1990, and that, since it was solely a credit-related claim and, consequently, an administrative matter, it could not be raised in a PCR proceeding.  (Exhibit 31.)

In his second PCR application, dated February 4, 2002, petitioner asserted that SCDC "changed and altered [his] commitment several times from the date of conviction, denying [him] advancement and custody and rehabilitation."  (Exhibit 33, p. 2.)  At the hearing before the Honorable Marc Westbrook, the applicant attempted to assert that there was no hearing on September 6, 1990.  (Exhibit 32, p. 18.)  Judge Westbrook denied petitioner's application on the basis that he failed to file within the statute of limitations as required by the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-10, *et seq*. and that those allegations were successive to those made in his prior PCR application. Judge Westbrook specifically stated:

> This Court finds that the current allegations were or could have been raised in the proceedings based on Applicant's prior applications for post conviction relief and, thus, the current application is successive and barred under S.C. Code § 17-27-90.  The Applicant has failed to establish sufficient reason why he could not have raised his current allegations in his previous application for post conviction relief.

(Exhibit 33, p. 5.)

While petitioner attempts to argue that his statements to his PCR counsel with regard to his September 14, 2000, PCR application, and a May 15, 1998 letter to Judge Deneen where he references appearing before Judge Deneen on the remanded charges,[5] were made out of "confusion" because "he

---

[5] That letter states:
> I have to direct your attention back to January 10, 1990 when The Honorable Judge Walter Bristow granted me a new trial in the city of West Columbia, on all matters hear by you Sir.  **Wherein I came before you and it was agreed that all of the charges against me was dismissed/dropped**.  With the exception of the following charges: Driving under Suspension, and failure to transferr (sic) ownership.

(Exhibit 26 (emphasis added).)

11

was also arrested on 2 sets of similar charges in similar courts." Petitioner has not explained how his "confusion" was cured and this Court finds that no reasonable fact finder could find that petitioner was confused. The evidence presented clearly establishes that a new trial or proceeding before Judge Deneen regarding these seven (7) charges occurred. There is a Temporary Custody Receipt for SCDC indicating that on September 6, 1990, petitioner was transported by the West Columbia Police Department for an appearance in Court. While petitioner asserts that his SCDC records do not indicate he went to Court that day, there are clearly SCDC records indicating he did. Additionally, petitioner's assertions in his prior PCR application support that he did in fact go to court again on these charges. That there is no transcript of these proceedings is not determinative of the fact that no hearing occurred because, according to South Carolina Court Administration, tapes of municipal court proceedings are eventually destroyed absent a request and payment for transcription.

Respondents contend that Attorney Applegate was petitioner's plea attorney. The City of West Columbia file supports that Applegate did in fact represent petitioner in the 1988 charges. There is an initial letter to Attorney Pat McWhirter informing him of a jury strike on May 14, 1990 for petitioner's charges. (Exhibit 13.) There is a nearly identical letter informing Mr. Applegate of a jury strike on June 11, 1990, for, apparently, the same charges. (Exhibit 14.) Additionally, there is a letter to Mr. Applegate informing him of a pre-trial conference on Hitter's remanded charges. This leads the court to believe that the initial letter was sent to Mr. McWhirter, and then, when it was determined that Mr. McWhirter no longer represented the petitioner, all further correspondence was sent to Mr. Applegate. It is incredible to this Court that Judge Deneen would not inform petitioner of his right to counsel and/or that counsel would not be appointed since the failure to be afforded a right to counsel was the

12

reason the 1988 charges were remanded by Judge Bristow.[6]

Respondents raise in their response to petitioner's opposition to motion for summary judgment the doctrine of laches. They argue that petitioner's delay in bringing this action results in prejudice sufficient to justify barring this action. The Fourth Circuit has recognized the application of laches to petitions for habeas relief. *See Alexander v. Maryland*, 719 F.2d 1241 (4th Cir. 1983).[7] Habeas "petitions can be dismissed for delay by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." *Id*. at 1245. "The mere passage of time is . . . not sufficient grounds to dismiss a petition under Rule 9(a); the state must make a particularized showing of prejudice to its ability to respond that arises from the petitioner's undue delay in filing." *Id*. (internal citations omitted).

The State of South Carolina was no doubt prejudiced in its ability to respond to Hitter's instant petition by passage of time between his 1990 state convictions and the filing of the petition. The transcripts of petitioner's trial and many other court records are unavailable. Those items and potential witnesses would have been of potential use to South Carolina in defending the instant action. Any delay in the instant action was *solely* the result of the petitioner. While petitioner did file a PCR application shortly after the 1990 convictions, he did not raise as an issue that a proceeding did not take place or that he was not represented by counsel, only that SCDC had the disposition of the 1990 convictions incorrect in their records. It was not until the hearing before Judge Westbrook in 2003--almost thirteen years after his 1990 convictions--that petitioner raised the issue of whether a proceeding

---

[6] Even if this Court were to apply the summary judgment standard of review to the instant case, for the reasons discussed above, petitioner has failed to establish a genuine issue of material fact such that a factfinder could **reasonably** find for him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

[7] While the *Alexander* case relies on Habeas Rule 9(a), which no longer exists, the court there recognized that "Rule 9(a) is not a statute of limitations; it merely embodies the equitable doctrine of laches." That decision has not been overturned and this Court finds that its reasoning is still proper when applied to the instant case.

actually took place and whether he was represented by counsel. The Fourth Circuit recognizes that habeas petitions have been dismissed because of prejudice resulting from the disappearance of evidence during periods of delay chargeable to petitioners. *See Alexander*, *citing e.g., Honeycutt v. Ward*, 612 F.2d 36 (2d 1979); *Bouchillon v. Estelle*, 628 F.2d 926 (5th Cir. 1980); *Brim v. Solem*, 693 F.2d 44 (8th Cir. 1982); *Arnold v. Marshall*, 657 F.2d 83 (6th Cir. 1981). Consequently, this Court finds that, in the alternative, this petition is denied based on the doctrine of laches. To allow petitioner to prevail in a case in which the delay was solely his fault, with resulting prejudice to the State, would be to reward him for his inaction.

### **Conclusion**

In his report, Magistrate Judge Rogers recommends that respondents' motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court overrules all objections and adopts the Report and incorporates it, as modified, herein by reference. Accordingly, petitioner's petition is **DENIED**.

**IT IS SO ORDERED.**

(*Signature on Following Page.*)

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

September 30, 2005
Florence, SC